UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH BREWING CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15CV22 ACL |
| | ) |
| SCOTT COUNTY JAIL | ) |
| ADMINISTRATOR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner seeking leave to proceed in forma pauperis, brings this action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information the Court assesses a partial initial filing fee of $8.63, which is twenty percent of his average monthly deposit. See 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

**The Complaint**

Plaintiff alleges that upon arrival at the Scott County Jail (the "Jail") on July 18, 2014, he told defendant Tina Kolwyck that he is Muslim and that he would need help with meals and prayer times during the upcoming Ramadan holy month. He says she agreed. Plaintiff was then

placed into a pod where he was not given any support with the mandatory fast, was not given the time of day for prayer call, and was served salami.

Plaintiff says that on September 17, 2014, Kolwyck placed him on lockdown for one week because another inmate was found with contraband. He says he was never given a copy of the investigation report.

Plaintiff claims that on October 18, 2014, some of the other inmates in his pod became disruptive and refused to lock down. He asserts that he locked himself down voluntarily. Plaintiff complains that he received the same punishment as the inmates who caused the disturbance, namely, lockdown of the entire pod, and no time out for showers, change of clothes, or bed linen.

On October 19, 2014, some of the inmates became disruptive again by kicking their cell doors. Plaintiff says neither he nor his cellmate participated in the disturbance. He asserts that defendant Amy Johnson came into the pod and sprayed every inmate with mace, including plaintiff, although he had not violated any rules.

Plaintiff says that in October 2014 Kolwyck announced that inmates could no longer receive mail in envelopes; only postcards would be accepted. Plaintiff believes this has privacy implications.

**Discussion**

There are several issues with the complaint. First, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a

government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Plaintiff's claim regarding his week-long lockdown does not state a plausible claim for relief. For the Due Process Clause to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. See id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement).

Plaintiff's claim against Johnson is not properly joined with his claims against Kolwyck. Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff wants to sue both of these defendants, he should do so in different cases.

3

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants Rick Walter, Nathan Rappert, or Scott County Jail Administrator were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint does not state a plausible claim against these defendants.

Because plaintiff is proceeding pro se, and because his First Amendment claims regarding Ramadan and the postcard-only mail restriction have some merit, the Court will allow him to file an amended complaint. Plaintiff has thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $8.63 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must submit an amended complaint no later than thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court will dismiss this action without prejudice.

Dated this 30th day of March, 2015.

*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE