UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH BREWING CANNON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:15CV22 ACL |
| SCOTT COUNTY JAIL ADMINISTRATOR, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Under § 1915(e), the Court is required to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the pleadings, the Court finds that this action must be dismissed.

Plaintiff brings this action under 42 U.S.C. § 1983 against Scott County Jail and Jail officials. Plaintiff alleges that he is Muslim and that defendant Tina Kolwyck did not help him with daily prayer times. He also claims that Kolwyck announced a postcard-only restriction on all incoming mail. And he alleges that defendant Amy Johnson sprayed him with mace after other inmates disrupted the Jail by kicking their doors.

In its previous order, the Court identified each of the defects in the complaint and instructed plaintiff to cure them in his amended complaint. The Court specifically instructed that if he wished to sue defendants in their individual capacities, he must do so explicitly. Plaintiff failed to do so.

Plaintiff's claims against the Jail and the Sheriff's department are legally frivolous because the they are not suable entities. Ketchum v. City of West Memphis, Ark., 974 F.2d 81,

82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

\  **IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of dismissal will be filed separately.

Dated this 27th day of April, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE